**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 0 7 2014

IN THE EASTERN DISTRICT COURT OF ARKANSAS
WESTERN DIVISION

JAMES W. McCORMACK, CLERK
By: _____ *Soeo*
DEP CLERK

DAVID ENGLAND                                                    PLAINTIFF

v.                          CASE NO: CV **4:14 cv 465 JM**

ACXIOM CORPORATION This case assigned to District Judge *Moody* DEFENDANT
and to Magistrate Judge _____ *Volpe*

---

## ORIGINAL COMPLAINT

COMES NOW, the plaintiff, David England, by and through his undersigned counsel, and for his complaint against defendant, Acxiom Corporation, hereby states as follows:

1. The plaintiff brings this complaint against the defendant under the Americans With Disabilities Act of 1990, and as amended ("ADA"), 42 U.S.C.A. §12101 *et seq.*;

### Parties

2. The plaintiff is an individual citizen of the United States and this State who currently resides in Washington County, Arkansas.

3. That the defendant is a foreign corporation with a principal place of business in this State and within this jurisdiction;

4. The defendant is a corporation, incorporated in the State of Arkansas and purposely does business within this state;

5. The defendant may be served in Arkansas through its registered agent for service of process: Jerry C. Jones, 601 E. 3rd Street, Little Rock, AR. 72201;

### Jurisdiction / Venue

6. That this Court has jurisdiction over the subject matter of this complaint;

7. That this cause of action arises under federal law and this Court has original jurisdiction in accordance with 29 U.S.C.A. §1331;

8. That this Court has personal jurisdiction over the parties;

9. That a substantial part of the events giving rise to this claim occurred within this judicial district and venue properly lies with this Court in accordance with 28 U.S.C.A. §1391;

**Facts**

10. The plaintiff was employed by the defendant for an indefinite term as a System Administrator, beginning on February 8, 2000;

11. That the defendant knew that the plaintiff had prior back problems;

12. That the plaintiff suffered a separate injury to his back while driving a go-cart during a company outing on August 18, 2011;

13. That the plaintiff timely notified the defendant and/or its agents that he had injured his back on August 18, 2011 and needed to work from home and eventually take time off of work because of his back injury and resulting condition;

14. That the plaintiff requested additional time off work for surgery to his back and recovery, and filed for short term disability benefits on September 6, 2011 due to his back injury;

15. That the plaintiff underwent surgery to his back on September 26, 2011;

16. That the plaintiff returned to work without restrictions on December 16, 2011;

17. That the defendant placed the plaintiff on a thirty-day performance improvement plan beginning on or about January 6, 2012;

18. That a similarly situated non-disabled co-worker was placed on the same thirty-day performance improvement plan beginning on or about January 6, 2012;

19. That during the thirty-day performance improvement plan, the defendant added additional technical and time-consuming tasks that required the coordination and input of other workers and departments to complete;

20. That the defendant fired the plaintiff on or about February 15, 2012;

21. That the defendant did not fire the similarly situated non-disabled co-worker;

22. That the plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission and a notice of right to sue letter was issued dated May 14, 2014 and the plaintiff received this letter at a later date;

## Cause of Action – Count I (Discrimination)

23. That the plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein;

24. That at the time of the events giving rise to this action, the plaintiff was an employee as defined by 42 U.S.C.A. §12111(4);

25. That at the time of the events giving rise to this action, the defendant was a covered entity and employer as defined by 42 U.S.C.A. §12111(2)(5);

26. That the plaintiff was a qualified individual as defined by 42 U.S.C.A. §12111(8)

27. That the plaintiff had a disability that substantially limited one or more major life activities, a record of such physical impairment and/or was regarded as having such an impairment as defined by 42 U.S.C.A. §12102(1);

28. That the defendant discriminated against the plaintiff, an otherwise qualified individual, on the basis of his disability;

29. That the defendant specifically discriminated against the plaintiff, an otherwise qualified individual, when it discharged the plaintiff on or about February 15, 2012;

## Cause of Action Count II (Retaliation)

30. That the plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein;

31. That the defendant discharged the plaintiff in retaliation for the plaintiff's reasonable accommodations;

32. That the plaintiff engaged in legally protected activity by requesting a reasonable accommodation of time off work and short term disability benefits;

**33.** That the defendant discharged the plaintiff on or about February 15, 2012, and there is a causal connection between the adverse action and the protected activity;

## Damages

34. That the plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein;

35. That as a direct and proximate result of the defendant's unlawful discrimination and/or retaliation, plaintiff has sustained injuries and damages;

36. The plaintiff is seeking compensatory damages against the defendant in an amount that exceeds the sum or value of $75,000.00, exclusive of interest and costs;

37. That the plaintiff is seeking punitive damages against the defendant in an amount that exceeds the sum or value of $75,000.00, exclusive of interest and costs;

38. That the plaintiff is seeking an Order placing the plaintiff in the position that he would have been in had there been no violation of law by the defendant;

39. That the plaintiff is seeking an Order enjoining/restraining the defendant from further acts of discrimination and/or retaliation;

40. That the plaintiff is seeking an award of interest, costs, and reasonable attorney's fees

41. That the plaintiff is seeking all further relief as the Court deems appropriate;

## Jury Demand

42. The plaintiff demands a trial by jury

WHEREFORE, the plaintiff respectfully prays that the defendant be ordered to appear and answer the complaint herein and for judgment and damages against the defendant as identified in this complaint.

Respectfully submitted,
DAVID ENGLAND, Plaintiff

BY: _____

Aaron L. Martin (Ark. Bar No. 2002086)
MARTIN LAW PARTNERS
P.O. Box 3597
Fayetteville, AR 72702
(479) 442-2244